IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **LANMARK TECHNOLOGY, INC.,** )<br>          Plaintiff, )<br> )<br>v. )<br> )<br>**ARTURO CANALES,** )<br>          Defendant. ) | Case No. 1:06cv327 |

### ORDER

The matter came before the Court on (i) defendant's motion for summary judgment on plaintiff's fraudulent misrepresentation claim and (ii) plaintiff's motion to remand.

In this diversity action, plaintiff, Lanmark Technology, Inc. ("Lanmark"), alleges that its former employee, defendant Arturo Canales, (i) breached a non-compete clause in his employment agreement and (ii) fraudulently induced Lanmark to hire him based on misrepresentations of his educational experience.  By Order dated September 29, 2006, defendant's motion for summary judgment on Lanmark's breach of contract claim was granted. Accordingly, the only remaining claim in this matter is Lanmark's state law claim of fraudulent misrepresentation.

In particular, Lanmark claims that Canales fraudulently induced Lanmark to hire him based, at least in part, on Canales's representation that he had received two engineering degrees from Columbia State University.  The record reflects that disputed issues of material fact exist regarding (i) whether Columbia State University is a "diploma mill" that provides "bogus degrees"; (ii) if so, whether Canales intentionally misrepresented his educational experience when he applied for a position at Lanmark; (iii) whether Lanmark relied on Canales's alleged

1

misrepresentation when it decided to hire him; and (iv) whether Lanmark suffered any actual damage as a result of Canales's alleged misrepresentation. Thus, summary judgment on this claim is not appropriate at this time.

Given the sole claim remaining in this diversity action is Lanmark's state law claim of fraudulent misrepresentation, it is appropriate to consider whether this claim involves an amount in controversy sufficient to support subject matter jurisdiction. It does not. The record reflects that the amount in controversy, to a reasonable certainty, does not exceed approximately $60,000.00. Lanmark, by counsel, stated that had Lanmark known the nature of Canales's degrees, it would have paid him approximately $34,000.00 per year, not the $92,000.00 salary he was paid   This difference falls well below the $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332. Thus, diversity jurisdiction no longer exists and the matter should be remanded to state court for resolution of the state law claim. 28 U.S.C. § 1367(c)(3)  (stating that "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it had original jurisdiction"); *Ketema v. Midwest Stamping, Inc.*, No. 05-1866, 2006 U.S. App. LEXIS 11817, at *3 (4th Cir. 2006) (recognizing that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished") (citations omitted).

For these reasons, and for good cause,

It is hereby **ORDERED** that defendant's motion for summary judgment on Lanmark's fraudulent misrepresentation claim is **DENIED**.

It is further **ORDERED** that plaintiff's motion to remand is **GRANTED**, and

accordingly, plaintiff's fraudulent misrepresentation claim is **REMANDED** to Fairfax County Circuit Court.

As this resolves all outstanding issues in this matter, the Clerk is **DIRECTED** to place this matter among the ended causes.

The Clerk is further directed to send a copy of this Order to all counsel of record.

\_\_\_\_\_/s/_____
Alexandria, Virginia                                                                 T. S. Ellis, III
September 29, 2006                                                              United States District Judge